In the matter of the EAGLE IRON WORKS.

The president and bookkeeper of an insolvent manufacturing corporation can be appointed receivers.

Where a petition by the shareholders of a company to be dissolved has been filed, judgments cannot be obtained intermediate the filing and the ap- pointment of receivers, so as to take the personal property by levy. The judgments may be liens upon any real estate ; but as to the personalty, the judgment creditors can only take *pari passu* with general creditors.

1840.

IN THE MATTER
OF THE EAGLE
IRON WORKS.

March 11,
1840.

Corpora-
tion insol-
vent.
Receiver.
Judgment.

THIS matter having come up on an order to show cause why the property of the Eagle Iron Works, a manufacturing corporation, should not pass into the hands of receivers, &c. and the insolvency of the corporation appearing, a reference was had to appoint receivers. The parties in interest differed as to who should be appointed; but the master reported in favor of Nehemiah Waterbury, the late president and Samuel Leech, the late bookkeeper of the concern—and they gave the necessary bond. They were however still objected to; and the question of their eligibility and fitness now came before the court on exceptions to the master's appointment. Another point also was to be passed upon : creditors had obtained judgments against the Eagle Iron Works after the petition to dissolve had been filed but before receivers were appointed; and executions had been levied upon the property of the company. It was insisted, on the part of the receivers, that these judgment creditors must come in rateably.

Mr. *N. Hall*, for the receivers.

Mr. *G. W. Morris*, for judgment creditors.

*April* 6.        THE VICE-CHANCELLOR :—I. As to the exceptions. The statute is explicit that the court may appoint any of the directors, trustees or other officers to be receivers. The president of this corporation and the book-keeper were certainly eligible : 2 R. S. 468, § 66 ; and the question is, whether the master has exercised his judgment discreetly in selecting and appointing them? : I see nothing in the facts or circumstances presented to the master to enable me to say that the appointment is an improper one. The numerous affidavits laid before the master containing the wishes of those most interested appear to justify the appointment, notwithstanding the opposition; and I think the exceptions to the master's report must be overruled.

II. As to the petition of the receivers against the judgment and execution creditors who have acquired their judgments and issued executions subsequently to the filing of the petition for the dissolution of the corporation but before the appointment of receivers. My opinion is that the statute takes away their right of preference and lien and requires the property

levied on to be delivered over to the receiver in order that it may be equally distributed among the creditors, giving only the priority or preference as declared in the statute itself: 2 R. S. 471, § 79.

This opinion is founded upon the general scope and object of the statutes in relation to the winding up of corporations; and particularly upon the construction and effect of 2 R. S. 469, § 67, 70, 71, 72 and upon Art. 2. same title : (Ib. 463, § 36, 37, 56 ; and Revisers' Notes to § 37, 71, 79 varied ; and see the Chancellor's opinion in the cases of *Lowerre* v. *The American Fire Insurance Company*, 6 Paige's C. R. 482, and *De Peyster* v. *The same Company*, Ib. 486.)

Order, that the judgment creditors and sheriff deliver over the property to the receiver.